STATE, FOR USE OF MOORE, *v.* TUTT.

*(Nashville,* December Term, 1939.)

Opinion filed January 20, 1940.

W. H. FISHER and HARRY BARNETT, both of Memphis, for complainant.

Jos. H. NORVILLE, of Memphis, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought in the name of the State for the use of Margaret Moore against Mrs. B. L. Tutt to recover on a bond set out below. The bill was dismissed on demurrer.

The bond is in words and figures as follows:

"Know All Men Present

"William Marion Moore, Mrs. B. L. Tutt, Mary Margaret Wilkins, age 22.

"Of the County of Shelby, State of Tennessee are held and firmly bound to the State of Tennessee in the sum of Twelve Hundred and Fifty (1250) which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators, and each and every one of us, jointly and severally, by these present. Witness our hands and seals this the 20th day of January 1938.

"W. M. Moore
"Mrs. B. L. Tutt.

"The Condition of the Application Is Such, that hereas the above bounden W. M. Moore has this day prayed

and obtained a license to marry Mary Margaret Wilkins now if there is not lawful cause to obstruct said marriage, and for which license is desired, then this application to be void, otherwise to remain in full force and virtue of law.

"E. B. Carter (Clerk)

"E. K. Leake (D. C.)"

The bill averred that the relator, formerly Mary Margaret Wilkins, agreed to marry one William Moore; that defendant Mrs. Tutt, sister of Moore, went to the courthouse in Memphis and secured a marriage license for the parties and executed the bond aforesaid. That it afterwards developed that Moore was insane and incapable of entering into a valid contract of marriage, and furthermore that Moore had a living wife from whom he had not been divorced.

It was alleged that these facts were known to defendant Mrs. Tutt and unknown to the relator at the time the license was secured and the bond executed and the marriage ceremony performed. Wherefore relator sues for the penalty of the bond.

The points made by the demurrer seem to us inconclusive or not well taken. We think an answer to the bill is required.

Sections 2441 and 2442 of the Code of 1858, sections 4191 and 4192 of Shannon's Code, contain these provisions:

Section 4191. "Before being joined in marriage, the parties shall produce to the minister or officer aforesaid, a license under the hand of the clerk of the county court where the female resides, or where the marriage is solemnized, directed to such minister or officer, authorizing the solemnization of a marriage between said parties."

Section 4192. "The clerk may issue such license to any one applying for the same, unless he know that one of the parties is incapable of marriage, first taking bond to the state, with sufficient surety, in the sum of twelve hundred and fifty dollars, conditioned that there is no lawful cause to obstruct the marriage for which the license is desired; for which penalty any person aggrieved by the marriage may sue."

Section 2442 of the Code of 1858, section 4192 of Shannon's Code, was not brought into the Code of 1932 and was consequently repealed. Code of 1932, sec. 2. Subsequent legislation contains no requirement for a bond of this character. Code of 1932, section 8415 et seq.; chapter 81, Pub. Acts of 1937.

Although it follows the form of the old statute, since that statute has been repealed, the bond sued on can not be regarded as a statutory bond. There is no statute authorizing or requiring it. The question remains whether the bond is good as a common law obligation.

We have a number of cases where an instrument apparently executed in an attempt to comply with a statute did not meet the requirements of the particular statute involved and was consequently held unenforceable as a statutory bond. At the same time such obligation was held good as a common law bond. *Mallory* v. *Miller*, 10 Tenn. (2 Yerg.), 113, 114; *Hibbits* v. *Canada*, 18 Tenn. (10 Yerg.), 465; *Governor* v. *Allen*, 27 Tenn. (8 Humph.), 176. This principle is recognized in *Polk* v. *Plummer*, 21 Tenn. (2 Humph.), 500, 37 Am. Dec., 566, and *Jones* v. *Wiley*, 23 Tenn. (4 Humph.), 146.

Repeatedly in these cases it is said that bonds such as we are considering, to be enforceable as common law obligations, must have been voluntarily executed. If any such bond is exacted by a public official, under color of

416

his office, without warrant of law, it is not good in any aspect. Such is the general rule. 8 Am. Jur., 722, 11 C. J., S. Bonds, page 413, sec. 26; 9 C. J., 28.

■ A public official has no right to exact a bond of any person as a condition of that person's enjoyment of a privilege unless such bond is authorized by law. As said by the Supreme Court in *United States* v. *Tingey*, 30 U. S. (5 Pet.), 115, 129, 8 L. Ed., 66, such conduct ''would be, not to execute, but to supersede the requisitions of law.''

■ The bill in this case merely charges that Mrs. Tutt ''executed'' this bond without reciting any of the circumstances attending its execution. If she executed the bond voluntarily, perhaps there is merit in relator's claim. If, on the contrary, she was required to execute the bond by the clerk as a condition of his issuance of the marriage license, then, as said before, the bond is invalid in any aspect. Chapter 81 of the Public Acts of 1937 prescribes the duties of the county court clerk with respect to the issuance of marriage licenses. No bond is required under this statute and that official was without power to exact a bond.

Reversed and remanded for answer and further proceedings. Tax costs of appeal to defendant. Costs below will await the outcome.